UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-916 CAS |
| | ) | |
| ROBERT S. MUELLER, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of William Monroe for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Robert S. Mueller, III (U.S. Department of Justice Federal Bureau of Investigation Director), Roland J. Corvington (Special Agent in charge of St. Louis Office, Federal Bureau of Investigation), John Gillies (Special Agent in charge of Miami Division, Federal Bureau of Investigation), Greg LaCombe (Agent of the Federal Bureau of Investigation, St. Louis Office), Tim Feeney (Agent Supervisor of the Federal Bureau of Investigation, St. Louis Office), Eric Holder (U.S. Attorney General), Jennifer M. Joyce (Circuit Attorney, City of St. Louis), Daniel Isom (Chief of Police, St. Louis Metropolitan Police Department), Todd H. Epsten (President, Board of Police Commissioners, St. Louis Metropolitan Police Department), Chris Koster (Missouri Attorney General), and John M. Britt (Office of the Director, Missouri Department of Public Safety).

2

Plaintiff, an African American, alleges that on September 5, 2005, while he was on duty as a "Detective Sergeant" with the Pine Lawn Police Department, he became involved in a verbal altercation with an armed, uniformed, white Walgreens' security guard. The security guard allegedly became hostile and agitated after plaintiff parked his police vehicle in a parking space with a sign reading "Parking for Police Vehicles Only." Plaintiff ignored the guard's demand that he move the vehicle immediately, and an argument ensued, resulting in the guard coming into physical contact with plaintiff. Plaintiff alleges that out of fear for his personal safety, he pulled his weapon from its holster and pushed the guard back, ordering him to cease and desist. The guard called the St. Louis Police, and plaintiff ultimately was handcuffed and arrested. In addition, plaintiff's weapon was seized.

Plaintiff states that he was taken to a police station, where he was "shackled to the chain in the floor . . . for several hours in full view of the public." Upon plaintiff's release, he was told that warrants would be applied for in the Office of the St. Louis Circuit Attorney. Plaintiff claims that "justice was only for the white officer and NOT for him as a black police officer." Two days later, warrants were issued against plaintiff for felony flourishing of a weapon and first degree trespass. Plaintiff claims that the FBI and Circuit Attorney Jennifer Joyce collaborated with the Missouri Department of Public Safety, resulting in the "unjust revocation of police certification and a downward spiral into abject poverty." Plaintiff summarily claims that Jennifer Joyce's practices were discriminatory, because her office refused to treat him the same as white police officers. Plaintiff claims that, after one mistrial, he eventually was found not guilty of all charges.

As to the named defendants, plaintiff claims, as follows: (1) FBI agent Greg LaCombe "presented himself . . . throughout both trials in a manner consistent with the acts of stalking and an

3

obvious anticipation of a guilty verdict" and never had a warrant to legally seize plaintiff's service pistol; (2) LaCombe and Jennifer Joyce conducted the "illicit forced seizure of [plaintiff's] service pistol that also was utilized to protect the person and family of [plaintiff]"; (3) LaCombe and Joyce "injected their own personal vendetta as race became an obvious factor as maximum charges were brought to bear against [plaintiff]"; (4) after being found not guilty of all charges, Joyce refused to return plaintiff's firearm, saying that plaintiff was under investigation by the FBI; (5) the FBI and special agent LaCombe are in possession of plaintiff's firearm, but no charges have been filed; and (6) LaCombe went to interrogate plaintiff at plaintiff's house, and while there, he exhibited "intimidating, hostile, [and] deceitful" conduct; thereafter, LaCombe threatened a further investigation and engaged in "continued harassments" at the Pine Lawn Police Department, where he met with the Chief of Police. Plaintiff claims that defendants Corvington, Gillies, and Feeney were LaCombe's supervisors at the FBI. In addition, plaintiff asserts numerous general claims, such as "Fabricating evidence against or falsely arresting [him] also violated the Color of law statute and took away [his] rights of due process and unreasonable seizure," and "[Plaintiff's] rights were violated by the use of force amounting to punishment (summary judgments)."

Plaintiff states that the jurisdictional grounds for filing this action in Federal Court are as follows: Title 18 U.S.C. §§ 241, 242, 245, and 3107; Title 42 U.S.C. § 14141; and violations of his Second, Fourth, Eighth, and Fourteenth Amendment rights. Because no private right of action exists under Title 18 U.S.C. §§ 241, 242, 245, and 3107, or Title 42 U.S.C. § 14141, the Court will

4

liberally construe the complaint as having been brought under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

## Discussion

**A. Defendants Robert S. Mueller, III, Roland J. Corvington, John Gillies, Tim Feeney, Eric Holder, Daniel Isom, Todd H. Epsten, Chris Koster, and John M. Britt**

Having carefully reviewed the complaint, the Court concludes that plaintiff has failed to allege any facts indicating that defendants Robert S. Mueller, III, Roland J. Corvington, John Gillies, Tim Feeney, Eric Holder, Daniel Isom, Todd H. Epsten, Chris Koster, and/or John M. Britt violated his constitutional rights. Plaintiff either has failed to assert any allegations whatsoever against these defendants, or at best, seems to allege that they should be held liable based upon their supervisory positions. Liability under § 1983 and <u>Bivens</u>, however, must be personal and not vicarious. <u>See</u> <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). As such, the complaint will be dismissed as legally frivolous and for failure to state a claim or cause of action as to defendants Robert S. Mueller, III, Roland J. Corvington, John Gillies, Tim Feeney, Eric Holder, Daniel Isom, Todd H. Epsten, Chris Koster, and John M. Britt.

**B. Defendant Greg LaCombe**

Liberally construing plaintiff's allegations against Greg LaCombe under <u>Bivens</u>, the Court concludes that the complaint is legally frivolous as to this defendant. Plaintiff's allegations simply

---

[1] To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that all parties are alleged to be Missouri residents. <u>See</u> 28 U.S.C. § 1332.

do not rise to the level of a constitutional violation and fail to state a claim or cause of action. As noted above, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. See Iqbal, 129 S. Ct. at 1949-51.

### C. Defendant Jennifer M. Joyce

Plaintiff brings this action against defendant Jennifer M. Joyce in her official capacity. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Thus, as to defendant Jennifer M. Joyce, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Moreover, the Court notes that, to the extent plaintiff is attempting to assert a due process claim against Jennifer Joyce based on the loss of property, the allegations fail to state a claim cognizable under § 1983 and are legally frivolous. Although the due process clause may be implicated when an individual suffers a loss of property, if the taking of property is intentional and the state provides an adequate post-deprivation remedy, there is no violation of due process. Hudson

6

v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate post-deprivation remedy, and, in fact, the State of Missouri provides the post-deprivation remedy of replevin for the recovery of personal property. See Mo. R. Civ. P. 99.01-99.15.

### D. Supplemental state claims

To the extent that plaintiff is attempting to assert supplemental state claims against defendants, they will also be dismissed. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of November, 2010.